IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| URIAH WADE HALL, | : | |
| Plaintiff, | : | Case No. 7:22-CV-00096-WLS-TQL |
| v. | : | |
| JAMES HOLCOMB, | : | Proceedings Under 42 U.S.C. §1983 |
| | : | Before the U. S. Magistrate Judge |
| Defendants. | : | |

## ORDER

*Pro se* Plaintiff Uriah Wade Hall, an inmate confined in the Lowndes County Jail in Valdosta, Georgia filed a 42 U.S.C. § 1983 civil rights complaint. ECF No. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis* without the statutory supporting documents. ECF No. 2. On September 22, 2022, Plaintiff was ordered to recast his complaint and was provided detailed instructions on how to do so. ECF No. 4. Plaintiff was further ordered to either submit the statutory documents to support his motion to proceed *in forma pauperis* or pay the full filing fee. *Id*. Plaintiff was given fourteen (14) days to respond and was informed that failure to comply would result in dismissal of this action. *Id*. Plaintiff failed to respond.

Therefore, on October 18, 2022, the Court notified Plaintiff that it had not received a recast complaint nor was the filing fee and incomplete motion to proceed *in forma pauperis* addressed. ECF No. 5. The Court ordered Plaintiff to show cause why this action should not be dismissed for failure to comply with the Court's previous order. *Id*.

The Court unambiguously informed Plaintiff that this action would be dismissed if he failed to comply with this Court's orders. *Id.* Plaintiff was given fourteen (14) days to respond. *Id.* Plaintiff once again did not respond.

Because Plaintiff has failed to comply with the Court's orders or otherwise prosecute his case, this complaint is **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

SO ORDERED, this 18th day of November, 2022.

W. LOUIS SANDS, JUDGE
UNITED STATES DISTRICT COURT